```
               IN THE UNITED STATES BANKRUPTCY COURT
                FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION

IN RE:                                  )    CH. 11
                                        )
STEPHEN M. and SUZANNE S. SMITH         )    CASE NO. 11-56072
                                        )
     Debtors.                           )    Judge Bihary
_____)
```

**PLAN OF REORGANIZATION**

COMES NOW, Stephen M. and Suzanne S. Smith ("Mr. and Mrs. Smith" or "Debtors") and Debtor-in-Possession in the above captioned case, and proposes this their Plan of Reorganization.

**ARTICLE I**

**DEFINITIONS AND GENERAL PROVISIONS**

1.01 <u>Definition Terms</u>.  The following definitions apply in the Debtors' Plan of Reorganization:

    (a) "Allowed Claim" or "Allowed Interest" means a claim or interest, respectively, against the Debtor to the extent that:

    (1)  to the extent that the filing of a proof of claim or interest is required, a proof of such claim or interest was

        (i) filed on or before a court established "bar date" in accordance with Orders of the Bankruptcy Court unless a later time is specified by this plan;

        (ii) deemed timely filed pursuant to §1111(a) of the Bankruptcy Code;

        (iii) late filed with leave of the Bankruptcy Court after notice and opportunity for hearing given to the counsel for Debtor and the Committee; and

    (2)  (i) it is not a Disputed Claim or Disputed Interest , or

1

   (iii) it is allowed (and only to the extent is allowed) by the Final Order or by stipulation pursuant to paragraph 5.05(a)

 (b) "Bankruptcy Case" means the above-captioned Chapter 11 case initiated by the Debtor's filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code pursuant to § 301 of the Bankruptcy Code.

 (c) "Bankruptcy Code" means Title 11 of the United States Code, as applicable to this Bankruptcy Case.

 (d) "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Georgia or, in the event such court ceases to exercise jurisdiction over this Chapter 11 case, such court or adjunct thereof that exercises jurisdiction over this Chapter 11 case in lieu of the United States Bankruptcy Court for the Northern District of Georgia.

 (e) "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, as applicable to the Bankruptcy Case.

 (f) "Confirmation Date" means the date on which the Bankruptcy Court enters the Confirmation Order.

 (g) "Confirmation Order" means the date on which the Bankruptcy Court confirming the plan pursuant to §1129 of the Bankruptcy Code.

 (h) "Debtors" means Stephen M. and Suzanne S. Smith.

 (i) "District Court" means United States District Court for the Northern District of Georgia, Atlanta Division.

 (j) "Designated Notice" means notice and an opportunity for a hearing as defined in § 102 (a) of the Bankruptcy Code, with notice limited to the Debtor and the Committee or their respective counsel and other parties in interest who, after entry of the Confirmation Order, have filed a request for such notice with the Clerk of the Bankruptcy Court and served same on counsel for the Debtor and the Committee.  For thirty (30) days after the Confirmation Date, Designated Notice means notice pursuant to Bankruptcy Rule 2001 (i).

(k) "Disputed Claim" or "Disputed Interest" means an alleged claim or interest, respectively, against the Debtor as to which an objection has been filed which has not been resolved by a Final Order or by stipulation.

(l) "Effective Date" means the date which is thirty (30) days after the date on which the Order confirming the Plan becomes final.

(m) "Filing Date" means February 25, 2011, the date of the filing of the Voluntary Chapter 11 Petition by the Debtor.

(n) "Final Order" means an order of the Bankruptcy Court, the District Court, or any other court as to which (1) any appeal that has been taken has been finally determined or dismissed, or (2) the time for appeal has expired and no appeal has been filed timely. (In the case of an order of the Bankruptcy Court, the time for appeal, for purposes of this definition, shall be the time permitted for an appeal to the District Court.)

(o) "Peoples" means People's United Equipment Finance Corp. f/k/a Financial Federal Credit, Inc.

(p) "Personal Property" means all of the Debtor's clothes, household goods, vehicles, furniture, and fixtures and equipment.

(q) "Plan" means this "Plan of Reorganization."

(r) "Post Confirmation" Administrative Expenses" means costs and expenses incurred, after the Confirmation Date, in connection with administration and consummation of this Plan by, the Committee, the Disbursing Agents, and professionals employed by the Debtor, and the Disbursing Agents, including, without limitation, expenses and fees of the Debtor's attorneys and accountants for services rendered in reviewing claims against the Debtor and filing objections thereto and the prosecution of any litigation or enforcement of claims contemplated by this Plan.

(s) "Professional Compensation" means (1) any amounts due as compensation earned, and reimbursement for expenses incurred, by attorneys or accountants for the Debtor; and (2) any amounts due as compensation earned or reimbursement

3

of expenses pursuant to §503 (b) (3),(4)or(5)of the Bankruptcy Code, all in connection with administration of the Bankruptcy Case.

(t) "Pro Rata" means proportionately so that the ratio of the amount of consideration distributed on account of a particular claim or interest in a particular class to the amount of consideration distributed on account of all Allowed Claims or Allowed Interests in the same class is the same as the ratio of the amount of such particular claim or interest to all Allowed Claims or Allowed Interests in the same class.

(u)  "Real Property" means that certain tract of land consisting of one (1) acre more or less of real property located in Gwinnett County, Georgia known as the Debtors' home place 3495 Kates Way, Duluth, Georgia 30097.

1.02 <u>Undefined Terms</u>.  A term used in the Plan and not defined herein, but that is defined in the Bankruptcy Code, has the meaning given to that term in the Bankruptcy Code.

1.03 <u>Time</u>.  Whenever the time for the occurrence or happening of an event as set forth in this Plan falls on a day which is a Saturday, Sunday, or legal holiday under the laws of the United States or the State of Georgia, then the time for he next occurrence or happening of said event shall be extended to the next day following which is not a Saturday, Sunday, or legal holiday.

## ARTICLE II

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS; IMPAIRMENT

Claims and interests are classified and treated as set forth below. All classes are impaired.

2.01 <u>Class 1</u> (Priority Tax Claims).  This class consists of Priority Tax Claims (approximately $29,138.79) which are claims of governmental entities, including claims of the State of Georgia and the Internal Revenue Service, Gwinnett County Tax Commissioner, Blount County, Alabama and the State of Alabama Department of Revenue for taxes entitled to priority pursuant to § 507(a)(8) of the Bankruptcy Code. Said Claims shall be paid, settled, and satisfied by payment in full (100%) as follows:

4

(a) To the extent that a tax claim is not allowed as a Priority Tax Claim, the claim shall be treated as a Class 2 claim.

(b) Payment of Allowed Priority Claims.  Each Allowed Class 1 Claim shall be paid, settled, and satisfied as follows:

(1) Each holder of a claim in Class 1 shall be paid in full (100%) in cash within three (3) of the Effective Date from the Smith Construction's projected income from the Contracts as set forth in its Plan in twelve (12) equal quarterly payments to the holder of each allowed claim in Class 1.

(2) Prepayment.  Debtor shall have the right to prepay any claim in this class at any time.

2.02 <u>Class 2</u> (Unsecured Claims).  This class consists of unsecured claims against the Debtors (approximately $237,000), including without limitation the following: claims for goods sold and delivered or services rendered; claims arising from the rejection of any executory contracts or unexpired leases; claims on guarantees of real estate notes or indemnity contracts and the non-priority portion of any claims of governmental entities. Said claims shall be paid, settled, and satisfied by payment of fifteen percent (15%) of the Allowed Claim or the Debtor's projected disposable income whichever is greater over the next five (5) years as follows:

(a) Each holder of a claim in Class 2 shall be paid fifteen percent (15%) of its Allowed Unsecured Claim or the Debtors' projected disposable income whichever is greater within five (5) years of the Effective Date in twenty (20) equal quarterly payments of approximately $1,727 (in the aggregate) from the Debtor's disposable income (which includes salary, bonuses and commissions) in full satisfaction of each Allowed Unsecured Claim.

2.03 <u>Class 3</u>. (Unsecured Insider Claim) This class consists of the unsecured claims against the Debtor from Insiders (amount unknown), including Jan R. Smith ("Mr. Jan Smith").

(a) Each holder of an Unsecured Insider Claim in this case shall be paid as otherwise agreed between Debtor and Mr. Jan R. Smith in full satisfaction of each claim.

2.04 <u>Class 4</u>. (The Bank of America loans) The Claims of Bank of America shall be paid (100%) in full by assumption of each of the Debtors' three (3) respective loans and the curing of any pre or post petition arrearage ("the Arrearage") by payment of the Arrearage as a balloon payment on the last payment date contemplated by each respective Note as follows: (i) a claim of $571.82 secured by a 2003 GMC Yukon, (ii) a claim of $231,000 secured by a first Deed to Secure Debt against 3495 Kates Way, Duluth, Georgia, (iii) a claim of $99,000 secured by a Second Deed to Secure Debt against 3495 Kates Way, Duluth, Georgia ("the Bank of America Notes"). Each Bank of America Note shall be cured and assumed with the arrearage or "cure" amount added to the last payment on each of the Bank of America Notes.

2.05 <u>Class 5.</u> (The Debtors' Claims and Interests) This Class shall consist of the claims and interests of the Debtors, including any and all interests of the Debtors to or in property which is exempt or non-exempt, including the common stock owned by Debtor Stephen M. Smith in Smith Construction.

(a) The Debtors shall retain their interests in all property owned by the Debtors, except as set forth in this Plan. The Debtor shall be discharged from any debts that arose before the Confirmation of the Plan or upon Confirmation of the Plan except to the extent that the claims are provided for by the Plan. The Debtors shall retain their exempt assets, including Smith Construction stock, clothing and furniture described in Schedules B and C.

### **ARTICLE III**

### **TREATMENT OF CERTAIN UNCLASSIFIED CLAIMS**

3.01 <u>Administrative Expenses</u>.

(a) The holders of Allowed Claims entitled to priority under § 507(a)(1) of the Bankruptcy Code, other than claims for Professional Compensation, and other than claims which are otherwise classified in this Plan, shall receive on

6

account of such claim, cash in the amount of such Allowed Claims on or before the Effective Date, unless the holder of such claim agrees to deferral or different treatment of some or all of said claim.

(b) Claims for Professional Compensation with regard to the period prior to entry of the Confirmation Order shall be payable by the Debtor in cash only in the amount awarded pursuant to orders of the Bankruptcy Court and within the time that the same is payable under such orders or, if no time is specified, within ten (10) days after entry of such order, unless the holder of such claim agrees to deferral or different treatment of some or all of such claim. Professional Compensation may be allowed pursuant to orders entered prior to the Confirmation Date or after Designated Notice.

3.02 <u>Fees of U.S. Trustee</u>. Any fees due to the United States Trustee shall be paid within ten business days after the Confirmation Date.

3.03 <u>Executory Contracts Assumed</u>. Any executory contracts and unexpired leases shall be assumed pursuant to §365 of the Bankruptcy Code. From and after the Confirmation Date, the Debtors shall comply with their obligations hereunder in the ordinary course of business. Any defaults shall be cured on or before the Effective date.

3.04 <u>Rejection of Executory Contracts</u>. Any unexpired leases or executory contracts which are not assumed pursuant to this Plan shall be rejected pursuant to § 365 of the Bankruptcy Code. A proof of claim for damages arising from such rejection must be filed in compliance with the Bankruptcy Rules on or before sixty (60) days after mailing of notice of the Confirmation Order. Any claims which are not timely filed will be disallowed and discharged.

## **ARTICLE IV**

### **MEANS FOR EXECUTION OF THE PLAN**

4.01 <u>Sales and Funding of Plan</u>.

(a) (1) <u>Future Earnings to Unsecured Creditors</u>. The Debtors have agreed to provide their "projected disposable

7

income" for five (5) years in amounts not less than necessary to pay all their Class 2 Creditors fifteen percent (15%) of each Creditor's Allowed Unsecured Claim, as required by 11 U.S.C. § 1129 (a)15.  Said payments are to be paid to the Creditors from the salary of Stephen Smith from Smith Construction and from any salary of Suzanne Smith's from her sole proprietorship.  Said disposable income shall be paid in twenty (20) equal quarterly installments of approximately $1,727 over five (5) years from the Effective Date of the Plan, unless otherwise agreed by the Debtor and each respective Creditor. The Debtor Smith Construction's budget provides for a $6,500 per month salary to Debtor Stephen M. Smith which will fund the majority of payments under this Plan.

     (2) The Debtors shall fund the payments on the Bank of America Notes by curing the arrearages and assuming their mortgages and car loans secured by their first and second Deeds to Secure Debt on their home and on their vehicle, based on their income and expenses in Schedules I and J. The Debtor's Schedules I&J contemplate such payments.

     (3)  The Priority Claims in Class 1 are to be paid directly by Smith Construction.

     4.02 <u>Determination of Disputes</u>.  Any dispute between the Debtor and any holder of a claim which is being assumed pursuant to this Plan, or which is unimpaired pursuant to this Plan, with regard to the existence or cure of defaults, the sufficiency of adequate assurance of future performance, or amounts due as compensation for cure of defaults, shall be determined by the Bankruptcy Court upon motion of either party to the dispute.

     4.03 <u>Administration of Case.</u>

     (a)  Objections to Claims and Interests and Estimation of Claims and Interests.  The Debtor may file objections to claims or interests or motions to estimate claim or interests pursuant to § 502 (a) of the Bankruptcy Code and the same shall be resolved by the Bankruptcy Court.  An objection or motion may include an objection to the claimed classification and a request that the Bankruptcy Court determine the appropriate class of the claim under this Plan.  Any objections or motions to estimate claims or interests made by any party in interest other than the Debtor must be filed on or before thirty (30) days after

8

the later of the Confirmation date or the date on which a proof of claim or interest is filed. The Bankruptcy Court shall hear and determine objections to claims or interests and motions to estimate claims or interests and shall allow and classify same.  Any objections or motions may be settled by the filing of a written stipulation with the Bankruptcy Court by the Debtor any objecting party, and the holder of the claim or interest, and such claim or interest shall become an Allowed Claim or Allowed Interest without notice to any other parties in interest and without the approval of the Bankruptcy Court.

(b) Notice and Hearing.  Whenever notice and hearing is required after Confirmation and provisions with regard thereto are not otherwise specified in this Plan, Designated Notice shall be sufficient.  Whenever notice and hearing or Designated Notice is required, notice may be given by Debtor or by a professional employed by Debtor.

(c) Post-Confirmation Administrative Expense. Post-Confirmation Administrative Expenses shall be paid from time to time as the same are incurred.  Payment of ordinary and necessary expenses of administration (or of liquidation) may be made in the ordinary course of administration (or liquidation) as the same are incurred. Payments of Professional Compensation which are Post-Confirmation Administrative Expenses shall be made only after a statement of same has been served on any other party in interest making specific written request therefore, but may be paid without notice of hearing.

(d) Extensions of Time.  The time for the taking of any action under this Plan may be extended by written stipulation with the consent of the Debtor and the other party or creditor.

(e) Tax Returns.  Debtor shall be responsible for filing all tax returns and for payments of all taxes arising out of transactions after the Filing Date.

## ARTICLE V

### DISTRIBUTIONS TO HOLDERS OF CLAIMS

5.01 Distribution Fund and Unclaimed Funds.

9

(a) <u>Distribution Fund</u>. Beginning on the Effective Date, the Debtor will make monthly payments into a Distribution Fund from which all payments under this Plan shall be made. The Debtor or their designee shall administer the Distribution Fund as directed by the Court or the U.S. Trustee.

(b) <u>Unclaimed Property</u> means any funds or otherwise distributed pursuant to this plan by Debtor which are unclaimed. Unclaimed Property shall include (1) checks (and the funds represented thereby) which have been returned as undeliverable without a proper forwarding address, (2) funds for checks which have not been presented and paid within ninety (90) days of their issuance, and (3) checks (and the funds represented thereby) which were not mailed or delivered because of the absence of a proper address to mail or deliver such property.

(c) Unclaimed Property shall be held in trust for the benefit of the holders of Allowed Claims entitled thereto under the terms of the Plan. For a period of the later of one year or 120 days after a distribution is made to a claimant on account of which Unclaimed Property first results (said period being hereinafter referred to as the "Claiming Period"), Unclaimed Property shall be held solely for the benefit of the holders of Allowed Claims which have failed to claim such property. During the Claiming Period, Unclaimed Property due the holder of an Allowed Claim shall be released and delivered to such holder upon presentation of proper proof by such holder of its entitlement thereto. In the event that there is Unclaimed Property with regard to any claim, the Debtor shall, until such Unclaimed Property is claimed or the Claiming Period with regard to the holder of such claim has expired, make all subsequent distributions due with regard to such claim. After the Claiming Period with regard to such holder has expired, no subsequent distributions shall be made on account of such claim, and such claim shall be treated as being disallowed, waived, and satisfied.

(d) At the end of the Claiming Period, the holder of an Allowed Claim theretofore entitled to Unclaimed Property shall cease to be entitled thereto, and the Unclaimed Property shall then be disbursed to Debtor, provided, however, that there is any Unclaimed Property after expiration of the Claiming Period, such Unclaimed Property shall be used to satisfy any Post-Confirmation

10

Administrative Expenses, and the balance shall be paid to the Debtor.

(e) The Unpaid Claims Reserve may be maintained as an interest bearing account.  All interest earned thereon shall be paid to the Debtor, and no claimant entitled to funds from the Unpaid Claims Reserve shall be entitled to interest with regards to the amounts due to such claimant.

5.02 <u>Supervision of Administration of Case and Distribution of Funds</u>. Maintenance and distribution of the Distribution Fund and administration by the Disbursing Agents shall be subject to supervision of the Bankruptcy Court on Application of any interested party. Notwithstanding anything herein to the contrary, disbursements from the Distribution Fund may be deferred or delayed for a reasonable time in the event that such a deferral is necessary to permit investments to reach maturity, in the event that additional time is needed to make a proper distribution, or in the event that the receipt of additional funds is necessary to make meaningful payments.

**ARTICLE VI**

**EFFECT OF CONFIRMATION; VESTING OF PROPERTY; DISCHARGE**

6.01 <u>Effect of Confirmation, Vesting of Property</u>.

(a) Except as otherwise provided in the Plan or in the Confirmation Order, this Plan upon entry of the Confirmation Order shall be binding on all parties in interest, regardless of whether the claims or interests are impaired and regardless of whether the holders have accepted the Plan.

(b) On the Effective Date, all property of the estate of the Debtor shall revert in the Debtor.  The subsequent conversion or dismissal of the Chapter 11 Bankruptcy Case, shall not affect the reorganized debtor, which shall continue as the reorganized debtor, in possession of its property and assets notwithstanding such conversion or dismissal, unless such conversion or dismissal is the result of a material default by the Debtor in its obligations under this Plan.  In any event, the subsequent conversion or dismissal shall not diminish or impair the

11

rights of any party in property of the Debtor or of the estate.  In the event of subsequent conversion, all claims for Post-Confirmation Administrative Expenses shall be entitled to priority as Chapter 11 administrative expense claims.

6.02 Discharge.  Upon the Effective Date or such later date as determined by the Court, Debtor shall receive a discharge of all of its debts pursuant to U.S.C. § 1141(d)(1).

## ARTICLE VII

## JURISDICTION

7.01 Notwithstanding Confirmation of this Plan or the Effective date having occurred, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a) Entry of an Order requiring the filing of proofs of claim as provided in this Plan and determination of the allow ability of claims or interests by, Debtor, or by any other party in interest;

(b) Determination of any disputes with regard to the assumption, assignment, or rejection of executory contracts or unexpired leases of the Debtor pursuant to §365 of the Bankruptcy Code;

(c) Determination of any objections to request for payment of claims entitled to priority under §507 (a)(1) of the Bankruptcy Code, including compensation of parties entitled thereto;

(d) Adjudication of any actions brought by or against Debtor in the Bankruptcy Court before Confirmation of the Plan;

(e) Resolution of controversies and disputes regarding the interpretation and implementation of this Plan; and

(f) Implementation of the provisions of this Plan and entry of orders in aid of Confirmation of this Plan.

7.02 In the event that the Bankruptcy Court is found to lack jurisdiction to resolve any matter, then such matter shall be heard and determined by the District Court.

12

If the District Court does not have jurisdiction, then the matter by be brought before any court having jurisdiction with regard thereto.

7.03 The Bankruptcy Court may, upon Application of the Debtor after Designated Notice, determine that this Plan has been substantially consummated on or after thirty (30) days after the Effective Date, notwithstanding the fact that additional funds or property may eventually be distributed to parties in interest.  In such event, the Bankruptcy Court may enter an Order closing this case pursuant to § 350 of the Bankruptcy Code, provided, however, that: (a) the Disbursing Agents shall continue to have the rights, powers, and duties set forth in this Plan; and (b) the Bankruptcy Court may from time to time reopen the case if appropriate for the purpose of administering assets, enforcing provisions of the Plan or supervising its implementation, or for other cause, including requiring the Disbursing Agents to account or appointing a successor Disbursing Agents if the Disbursing Agents dies, becomes incapacitated, or is otherwise disqualified or removed.

## ARTICLE VIII

## MODIFICATION OF PLAN

8.01 This Plan may be modified pursuant to §1127 of the Bankruptcy Code and as herein provided.  The Plan may be modified, before or after confirmation, without notice or hearing, or on such notice and hearing as the Bankruptcy Court deems appropriate, if the Bankruptcy Court finds that the modification does not materially and adversary affect the rights of any parties in interest which have not had notice and an opportunity to be heard with regard thereto. Without limiting the generality of the foregoing, the Plan may be modified after notice and hearing to entities which have requested notice pursuant to Bankruptcy Rule 2002(i). In the even of any modification on or before Confirmation, any votes in favor of the Plan shall be deemed to be voted in favor of the Plan as modified, unless the Bankruptcy Court finds that the modification materially and adversary affects the rights of parties in interest which have said votes.

## ARTICLE IX

## REQUEST FOR CONFIRMATION PURSUANT TO 11 U.S.C. §1129(b)

13

9.01 § 1129 (b) Confirmation. In the event that all requirements for Confirmation of this Plan, as set forth in §1129 (b) of the Bankruptcy Code, have been met except the requirements that Classes 1, 2, 3, 4, or 5, or any or all of the foregoing accept the Plan, then Debtor requests that the Bankruptcy Court confirm the Plan pursuant to §1129 (b) of the Bankruptcy Code.

                          MOZLEY, FINLAYSON & LOGGINS, LLP
                          Attorneys for Jar R. Smith
                          Construction Company

                          BY: /S/_____
                                Joseph J. Burton, Jr.
                                GA Bar No. 097875

One Premier Plaza, Suite 900
5605 Glenridge Drive
Atlanta, GA 30342
404-256-0700

BY: /S/_____
      Stephen M. Smith


    /S/_____
      Suzanne S. Smith



#308983

14